Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
Tel: (818) 600-5587
brian@pricelawgroup.com
*Attorneys for Plaintiff*,
*Erwin Molina*

# UNITED STATES DISTRICT COURT

# IN THE DISTRICT OF CENTRAL CALIFORNIA

ERWIN MOLINA,

       Plaintiff,

   v.

OPORTUN, INC.,

       Defendant.

Case No.: 2:18-cv-3818

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**

1. **Telephone Consumer Protection Act, 47 U.S.C. § 227**
2. **CAL. CIV. CODE § 1788 et seq.**
3. **Intrusion Upon Seclusion**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Erwin Molina ("Plaintiff"), by and through his attorneys, alleges the following against Defendant, Oportun, Inc. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection

COMPLAINT AND DEMAND FOR JURY TRIAL

Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns... that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. 1331.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant's principal place of business is here, personal jurisdiction is established.

## PARTIES

6.      Plaintiff is a natural person residing in Gardena, Los Angeles County, California.

7.      Defendant Oportun is a financial institution with its principal place of business located in Redwood City, California, and can be served through its registered agent, CSC-Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

///

///

**FACTUAL ALLEGATIONS**

9.     In or around December 2017, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on his cellular phone number ending in 1117.

10.     In an attempt to hide its true identity and to harass Plaintiff, Defendant called Plaintiff from the following phone numbers: (209) 242-9046; (213) 784-3377; (213) 784-3386; (213) 784- 3389; (213) 784-3396; (213) 784-3397; (323) 248-9093; (323) 248-9096; (408) 831-7067; (408) 831-7091; (510) 240-1096; (510) 240-9096; (510) 248-4393; (510) 495-6664; (559) 369-2288; (559) 927-5880; (559) 927-5883; (559) 927-5891; (559) 927-5910; (619) 241-4588; (650) 810-9235; (657) 201-4067; (657) 220-9080; (657) 220-9081; (657) 622-0346; (661) 369-8346; (713) 581-1201; (831) 269-3973; (866) 488-6090; (888) 806-9162; (888) 806-9163; (909) 361-4393; (916) 248-5907; (916) 273-8181; (916) 273-8193; and (916) 273-9113.

11.     Upon information and belief, Defendant owns and operates the phone numbers.

12.     Between, Defendant called Plaintiff approximately two hundred eighty (280) times.

13.     On or about January 19, 2018, Plaintiff received a call on his cell phone from (559) 927-5883. During this conversation, Plaintiff spoke with a representative named Letty Martinez; at which point Plaintiff unequivocally revoked consent to be contacted any further.

14.     Despite revoking consent, Plaintiff continued to receive phone calls from Defendant.

15.     Between December 20, 2017 and March 30, 2018, Defendant willfully called Plaintiff on his cellular phone approximately two hundred eighty (280) times to annoy and harass Plaintiff in the hopes that it could induce Plaintiff to pay the debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

16.     Defendant also called plaintiff one hundred sixty-five (165) times after Plaintiff unequivocally requested not to be contacted on his cellular phone.

17.     Defendant called Plaintiff up to five (5) times a day to predict when he would be able to answer his phone.

18.     For example, on February 27, 2018, Defendant called at 8:08 a.m., 12:31 p.m., 12:51 p.m., 2:08 p.m., 4:10 p.m., and 7:17 p.m.

19.     Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative indicating the use of an automatic telephone dialing system.

20.     On many occasions, Defendant also left pre-recorded or artificial voice messages for Plaintiff.

21.     The majority of the calls that Plaintiff received were during working hours, which often led to interruptions in his workday.

22.     Plaintiff is employed as a truck driver and for safety reasons must focus on the road and not his phone.

23.     Often times, Plaintiff's GPS would be disrupted by the calls from Defendant.

24.     Due to Defendants' actions, Plaintiff has suffered emotional distress, invasion of privacy, and actual damages.

25.     The calls caused Plaintiff stress which manifested itself into sleepless nights and often-times headaches.

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

26.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     Defendants violated the TCPA by calling Plaintiff one hundred sixty-five (165) times after Plaintiff revoked consent to be contacted on his cellular phone.  Defendants violations include, but are not limited to the following:

a.      Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than       a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.      Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28.     The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity

COMPLAINT AND DEMAND FOR JURY TRIAL

to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

29.     The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

30.     Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* at 14091-92, paras. 132-33.

31.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## <u>COUNT II</u>

### (Violations of Cal. Civ. Code § 1788 *et seq.*)

32.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33.     Defendant violated the RFDCPA by calling Plaintiff two hundred eighty (280) times. Defendant's violations include, but are not limited to, the following:

        a.      Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

        b.      Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b

COMPLAINT AND DEMAND FOR JURY TRIAL

to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

34.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

### COUNT III

### (Intrusion Upon Seclusion)

36.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

37.    Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

b.    The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

c.    Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

d.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff, Erwin Molina, respectfully requests judgment be entered against Defendant, Oportun, Inc., for the following:

39.    Declaratory judgment that Defendant violated the TCPA;

40.    Declaratory judgment that Defendant violated the RFDCPA;

41.    Declaratory judgment that Defendant invaded Plaintiff's privacy;

COMPLAINT AND DEMAND FOR JURY TRIAL

42.    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

43.    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

44.    Statutory damages of $1,000.00 pursuant to the RFDCPA, CAL. CIV. CODE §1788.30(b);

45.    Actual damages pursuant to RFDCPA, CAL. CIV. CODE §1788.30(b);

46.    Costs and reasonable attorneys' fees pursuant to the RFDCPA, CAL. CIV. CODE §1788.30(c);

47.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

48.    Any other relief that this Honorable Court deems appropriate.


Respectfully submitted this 8th day of May 2018.

**PRICE LAW GROUP, APC**

By:/s/ *Brian Brazier*
Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
Tel: (818) 600-5587
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Erwin Molina*

COMPLAINT AND DEMAND FOR JURY TRIAL